IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD L. BOOZER, SR., | CIVIL ACTION NO. **3:CV-13-0640** |
| Plaintiff | (Judge Conaboy) |
| v. | (Magistrate Judge Blewitt) |
| KATE SAUNDERS, et al., | |
| Defendants | |

FILED
SCRANTON
JUL 25 2014
PER _____ MS
DEPUTY CLERK

## MEMORANDUM AND ORDER

**I.      INTRODUCTION**

On March 11, 2013, Plaintiff, Richard L. Boozer, Sr., a prisoner in the State Correctional Institute at Coal Township ("SCI-Coal Township") located in Coal Township, Pennsylvania, filed, pro se, a Section 1983 Complaint in this Court. (Doc. 1). Plaintiff also filed a Motion to proceed in forma pauperis. (Doc. 2). Plaintiff filed an Amended Complaint on April 25, 2013. (Doc. 10). Plaintiff's remaining claim is a claim of failure to protect against Defendant Briner in violation of the Eighth Amendment to the United States Constitution. (Doc. 22).

On July 10, 2013, the Court issued an Order and granted Plaintiff's Motion for Leave to Proceed In Forma Pauperis. (Doc. 23).

On July , 2014, Plaintiff filed this instant Motion to Appoint Counsel. (Doc. 53). We will now discuss Plaintiff's Motion to Appoint Counsel. (Id.).

**II.     DISCUSSION**

Plaintiff states in his motion that he is unable to afford counsel. (Doc. 53, p. 1). Plaintiff further states that the issues in the case are complex issues of fact and law. (*Id.*). Plaintiff further states that he has very limited knowledge of the summary judgment motion proceedings. (*Id.*, p. 2). Plaintiff states that the case is going to trial and the testimony will be in sharp conflict. (*Id.*). Finally, Plaintiff states that he has a very limited high school education and an extremely limited knowledge of the law. Plaintiff does not have a constitutional right to appointed counsel. (*Id.*). The Court in *Gordon v. Gonzalez*, 232 Fed. Appx. 153, 156 (3d Cir. 2007), stated:

> "[i]ndigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel." *Id.* However, a district court does have discretionary authority to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). "If the district court determines that the plaintiff's claim has arguable merit in fact and law, the court should then consider a number of additional factors that bear on the need for appointed counsel." *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir.1993). Whether a district court chooses to request counsel depends on several factors, including: 1) the plaintiff's ability to present his or her own case; 2) the difficulty of the particular legal issues; 3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; 4) the plaintiff's capacity to retain counsel on his or her own behalf; 5) the extent to which a case is likely to turn on credibility determinations; and 6) whether the case will require testimony from expert witnesses. *Montgomery*, 294 F.3d at 499 (citing *Tabron v. Grace*, 6 F.3d at 155-57). This list of factors is not exhaustive. *Tabron*, 6 F.3d at 157.

(Internal footnote omitted).

Further, "a district court has 'broad discretion' to appoint counsel." *Id.*

Based on these factors, we find that Plaintiff's Document 53 Motion for Appointment of Counsel should be denied. Until the Motion for Summary Judgment is ruled on by the Court, it is not yet known if Plaintiff's case will go to trial. Also, the next factor weighs against the

Plaintiff's Motion for Appointment of Counsel. That is, the Plaintiff has clearly demonstrated an ability to present his own case based on his Complaint, Amended Complaint and Briefs filed in opposition to Defendants' motions. (Docs. 1, 10, 35 & 45). Further, Plaintiff's pleadings demonstrate that he can write proper English, present his arguments in an intelligent manner, and cite relevant law. Moreover, there are no difficult and complex legal issues involved in this case. Any factual investigation that the Plaintiff has to do is minimal, as it is clear based on his Amended Complaint (Doc. 10) that Plaintiff is well aware of the basis of his claim. Additionally, it is does not appear that this case will require testimony from expert witnesses.

Plaintiff is proceeding *in forma pauperis*. (Doc. 2). Thus, even if Plaintiff does not have the financial resources and time to properly prepare his case, it is premature to say if this case will go to trial. Even if this case does go to trial, Plaintiff is responsible for his own costs in prosecuting his case, including the costs of discovery and assembling the facts. Simply because Plaintiff is *pro se* and allegedly lacks financial resources, does not entitle him to conduct his discovery free of charge or paid by the government. *See Victor v. Lawler*, 2010 WL 2326248, *3-*4 (M.D. Pa. 6-2-10)(the law is well-settled that *pro se* litigant must pay for the expenses involved in their civil actions); *Copelin v. Rothermel*, Civil No. 09-2336, M.D. Pa. This is also true even if the Plaintiff is proceeding *in forma pauperis*.

In *Tabron v. Grace*, 6 F. 3d 147, 159 (3d Cir. 1993), the Third Circuit Court stated that "[t]here is no provision for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant." *See also*

*Augustin v. New Century TRS Holding, Inc.*, 2008 WL 5114268 (W. D. Pa.)(Court denied request of indigent litigant who was proceeding *in forma pauperis* to direct the U.S. Marshal to serve subpoenas since no federal law existed authorizing court to order the payment of federal monies for the necessary expenses of a civil suit filed by an indigent litigant); *Reynolds v. Katz*, Civil No. 06-1400, M.D. Pa.

In *Kerwin v. Varner*, 2006 WL 3742738, *2 (M.D. Pa.), this Court denied an inmate Plaintiff's Motion to appoint a medical expert to assist with his case and stated that "we do not have the authority to appoint a medical expert or private investigator to act on behalf of [inmate] Kerwin." See also *Atwell v. Lavan*, 557 F. Supp. 2d 532, 557 (M.D. Pa.2008)(denial of inmate Plaintiff's request, in civil rights action, for subsidized copies and postage paid by prison staff did not amount to First Amendment claim of denial of access to the courts); *Hodge v. U.S.*, 2009 WL 2843332, *4-*5(M.D. Pa.)(*in forma pauperis* Plaintiffs, including *pro se* inmates, are responsible for their litigation fees in civil actions); *Tabron v. Grace*, 6 F. 3d 147, 159 (3d Cir. 1993)(court had no authority to pay for Plaintiff's deposition transcript); *Wilkerson v. U.S.*, Civil No. 07-2228 (M.D. Pa. 4-20-09)(court denied *in forma pauperis* Plaintiff's motion for independent medical exam). Thus, this Court has no authority to have government monies used to pay for Plaintiff's expenses in prosecuting his case. Also, the Court simply will not appoint Plaintiff an attorney so that the attorney will have to use his or her own money to prepare Plaintiff's case.

THOMAS M. BLEWITT
United States Magistrate Judge

Dated: July 25, 2014